UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                      Criminal No. 08-281(1) (JNE/JJG)
                                                    Civil No. 13-678 (JNE)
                                                    ORDER

Eugene Hans Broome, III,

       Defendant.

This case is before the Court on Defendant Eugene Broome III's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody." For the reasons stated below, the Court denies Broome's petition.

Broome was originally charged by Indictment in 2008 with multiple drug crimes. But on September 1, 2010, the government filed a Felony Information that charged Broome with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). That same day, Broome pled guilty to the possession charge in the Felony Information. On January 7, 2011, this Court sentenced Broome to 90 months' imprisonment and 4 years of supervised release. In the judgment, the Court made two recommendations to the Bureau of Prisons and imposed four special conditions of supervised release.

On January 30, 2013, Broome placed the current petition in the prison mailing system. Broome sent the petition to the United States District Court for the Central District of California, and it was subsequently filed in that court. Soon after receiving the petition, the court issued a minute order noting that it appeared that the petition should be construed as a motion under 28 U.S.C. § 2255 and gave Broome the option to file a notice of dismissal of the petition without prejudice. Broome did not respond to the court's order. On March 15, 2013, the court issued an

Order of Transfer, where, after a careful analysis, the court found that Broome's petition was a § 2255 motion over which it had no jurisdiction, and the court transferred Broome's petition to this Court.

In his petition, Broome asks that his term of supervised release be reduced and that his conditions of supervised release be changed, requests that are within the scope of a § 2255 motion. However, motions under § 2255 must be brought within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, judgment was entered in early January 2011, and Broome did not file a direct appeal. Therefore, the judgment became final 14 days after the entry of judgment—the date on which Broome could no longer file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also Anjulo–Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (noting, before the 2009 amendments to the Federal Rules of Appellate Procedure lengthened the time for filing a notice of appeal from 10 to 14 days, that "[b]ecause [defendant] . . . did not file a direct appeal, his conviction became final . . . when the ten-day period for filing a notice of appeal expired"). Broome's petition was filed in late January 2013, more than one year after the statute of limitations expired. To the extent Broome's motion seeks relief under § 2255, his motion is barred by the one-year statute of limitations.[1]

Broome also appears to ask this Court to modify the conditions of his supervised release under 18 U.S.C. § 3583(e). Broome first asks that this Court modify the conditions to allow for "unlimited travel within the United States because of employment and other related matters, and

---

[1] A hearing is unnecessary because the record conclusively shows that Broome is not entitled to relief. *See* 28 U.S.C. § 2255(b). Also, Broome may not appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c). In order for a certificate of appealability to issue, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Broome has not made the required showing, so the Court finds no basis upon which to grant Broome a certificate of appealability.

a suspension of all drug testing after the first required three (3) tests." (Dkt. 68 at 7.) But Broome's request is premature. Broome will be incarcerated for three more years, is not employed, and has not taken the three drug tests mandated by his supervised release conditions. The Court cannot make a determination at this time about whether to modify these conditions. *See United States v. Henkel*, 358 F.3d 1013, 1015 (8th Cir. 2004) (noting that no case or controversy existed when defendant argued that special conditions of supervised release impacted his potential for future employment and defendant was incarcerated and unemployed); *United States v. Shipley*, 825 F. Supp. 2d 984, 989–90 (S.D. Iowa 2011) (noting that defendant's requests for modifications to certain special conditions were not ripe for judicial review because defendant was still incarcerated). Broome also asks that this Court remove all four special conditions of supervised release because those conditions do not meet the sentencing goals in 18 U.S.C. § 3553(a). "A district court has broad discretion to impose special conditions of supervised release," *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012) (quotation omitted), but those conditions must be reasonably related to certain factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d). But Broome does not discuss any of the relevant factors under § 3553(a) and makes absolutely no argument about why the four special conditions are not reasonably related to those factors.

Broome also asks this Court to remove or change two recommendations the Court made to the Bureau of Prisons in the criminal judgment: the recommendation that while incarcerated Broome participate in the Inmate Financial Responsibility Program and that Broome be placed in a facility with an intensive drug treatment program. The Court declines to consider Broome's requests because the Court's recommendations are not binding on the Bureau of Prisons. *United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Broome's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody [Docket No. 68] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 7, 2013

<u>s/Joan N. Ericksen</u>
JOAN N. ERICKSEN
United States District Judge